FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRECE M. G., | No: 1:22-cv-03135-LRS |
| Plaintiff, | |
| v. | ORDER REMANDING THE COMMISSIONER'S DECISION |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' briefs. ECF Nos. 13, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

ORDER - 1

attorney Victoria B. Chhagan. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's brief, ECF No. 13, is granted and Defendant's brief, ECF No. 15, is denied.

## JURISDICTION

Plaintiff Patrece M. G. [2] (Plaintiff), filed for disability insurance benefits (DIB) on September 9, 2019, alleging an onset date of February 7, 2019. Tr. 206-11. Benefits were denied initially, Tr. 126-32, and upon reconsideration, Tr. 134-40. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 6, 2021. Tr. 48-89. On July 27, 2021, the ALJ issued an unfavorable decision, Tr. 12-33, and the Appeals Council denied review, Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* Local Civil Rule 5.2(c).

ORDER - 2

Plaintiff was born in 1971 and was 49 years old at the time of the hearing. Tr. 50.  She graduated from high school and went to college for a year.  Tr. 59. She has work experience as a fitness instructor and program manager, furniture salesperson, home health aide, and medical receptionist.  Tr. 60-63.  Plaintiff testified that she is unable to work due to migraine headaches.  Tr. 64.  When she has a migraine, she is "down" for 12 hours up to three days.  Tr. 64.  She gets headaches two to three times per week.  Tr. 66.  The headache medication makes her feel awful.  Tr. 71.  She also has back pain.  Tr. 69.  Sometimes she uses a cane because it affects her leg and hip, which makes it difficult to walk or stand for too long.  Tr. 69-70.  She has anxiety and depression.  Tr. 71.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commiss0ioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since February 7, 2019, the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments:  migraines, arthritis, degenerative disc disease, obesity, depression, and anxiety.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 18.

The ALJ then found that through the date last insured, Plaintiff had the residual functional capacity to perform light work with the following additional limitations:

> [T]he claimant can occasionally stoop, kneel, crouch, and crawl; occasionally climb ramps or stairs; and never climb ladders, ropes, or scaffolds.  Moreover, the claimant should never work in an area that has concentrated exposure to extreme heat or cold; and the claimant

ORDER - 7

should avoid all exposure to hazardous environments, such as
unprotected heights or around moving mechanical parts.  In addition,
the claimant could perform only unskilled work of a routine, repetitive
nature, consistent with DOT reasoning levels 1 and 2.

Tr. 20.

At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work.  Tr. 26.   After considering Plaintiff's age, education, work

experience, residual functional capacity, and the testimony of a vocational expert,

the ALJ found that there are other jobs that exist in significant numbers in the

national economy that Plaintiff can perform, such as office helper, mailroom clerk,

or price marker.  Tr. 27.  Thus, the ALJ concluded that Plaintiff has not been under a

disability, as defined in the Social Security Act, from February 7, 2019, through the

date of the decision.  Tr. 28.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

disability income benefits under Title II of the Social Security Act.  ECF No. 13.

Plaintiff raises the following issues for review:

1.   Whether the ALJ properly considered Plaintiff's migraines at step three;

2.   Whether the ALJ properly considered the medical opinion evidence;

3.   Whether the ALJ properly considered Plaintiff's symptom testimony; and

4.   Whether the ALJ properly considered the lay witness statement.

ECF No. 13.

ORDER - 8

**DISCUSSION**

**A.      Migraines – Listing 11.02**

Plaintiff contends the ALJ failed to properly consider migraines at step three. ECF No. 13 at 13-15.  At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the listings.  *See* 20 C.F.R. § 404.1520(d).  The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525.  An impairment "meets" a listing if it meets all of the specified medical criteria.  *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify.  *Sullivan,* 493 U.S. at 530; *Tackett,* 180 F.3d at 1099.  An unlisted impairment or combination of impairments "equals" a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present.  *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. § 404.1526(b).

There is no listing for migraines but the most analogous listed impairment for equivalence is Listing 11.02 for epilepsy.  Social Security Ruling 19-4p at *7, 2019 WL 4169635 (August 26, 2019).  A person with primary headache disorder may exhibit equivalent signs and limitations to those detailed in Listing 11.02 (paragraph B or D for dyscognitive seizures).  SSR 19-4p.  Listing 11.02B requires

documentation of a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02B.   Paragraph D of listing 11.02 requires dyscognitive seizures occurring at least once every two weeks for at least three consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02D.

At step three, the ALJ considered Listings 1.15, 1.16, and 1.18 for musculoskeletal disorders regarding Plaintiff's physical impairments and Listing 12.04 and 12.06 for mental disorders regarding Plaintiff's mental impairments.  Tr. 18.  Despite finding that Plaintiff's migraines are a severe impairment at step two, the ALJ did not mention Plaintiff's migraines at step three or consider Listing 11.02. Tr. 18-19.  By failing to provide any discussion of whether Plaintiff's migraine headaches met or equaled a listing after finding migraines were a severe impairment, the ALJ committed legal error.  *See e.g.*, *Manor v. Kijakazi*, No. 2:22-CV-0666 DB, 2023 WL 5836483, at *4 (E.D. Cal. Sept. 8, 2023) (noting an ALJ's failure to specifically consider Listing 11.02 constitutes legal error when a claimant's migraine headaches were found to be a severe impairment at step two); *Kristine W. v. Comm'r of Soc. Sec. Admin.*, No. 6:22-CV-00358-HZ, 2023 WL 5665601, at *6 (D. Or. Aug. 31, 2023); *Nicolas G. v. Kijakazi*, No. 1:20-CV-00306-CWD, 2022 WL 899478, at *4 (D. Idaho Mar. 28, 2022); *Jones v. Comm'r of Soc. Sec.*, No. 1:19-CV-

00109-REB, 2020 WL 7029143, at *5 (D. Idaho Nov. 30, 2020) (concluding that a finding that the plaintiff's migraines were a severe impairment coupled with SSA direction to analyze migraine headaches under Listing 11.02 means the ALJ erred in evaluating the plaintiff's migraine headaches by not considering Listing 11.02); *Rader v. Comm'r of Soc. Sec.*, No. 2:17-CV-00131-CWD, 2018 WL 4087988, at *4 (D. Idaho Aug. 27, 2018); *Despinis v. Comm'r Soc. Sec. Admin.*, No. 2:16-CV-01373-HZ, 2017 WL 1927926, at *3 (D. Or. May 10, 2017) (same); *Salazar v. Colvin*, No. 3:16-CV-05445-DWC, 2016 WL 6892394, at *3 (W.D. Wash. Nov. 23, 2016) (finding error when ALJ did not reference consideration of the claimant's headaches under epilepsy listing at step three).

Defendant argues the ALJ was not required to discuss Plaintiff's migraines at step three.  ECF No. 15 at 7-8.  "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  An ALJ's failure to consider equivalence may not be reversible error when the claimant did not offer any theory, plausible or otherwise, as to how her impairments to equal a listing impairment. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.2001) (distinguishing *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir.1990)).  According to Defendant, Plaintiff did not meet her burden to show how her impairments equal a listing.  ECF No. 15 at 7-8.

It is true that the burden of proof is on the claimant at step three and the ALJ is not required to discuss every listing unless the claimant presents evidence of equivalency. *Burch*, 400 F.3d at 683; *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013). Here, however, Plaintiff has presented plausible evidence of equivalency regarding migraines. Plaintiff asserted her migraines are disabling in her application, at the hearing, and in her briefing. Tr. 54-55, 67-68, 233, 259; ECF No. 13. Petitioner cites treatment records from a July 2019 office visit with Dr. Wong, a neurologist, which noted Plaintiff was having over 16 days of headache per month with at least 10 days of severe migraine per month. ECF No. 13 at 12; Tr. 855. Migraines tended to last for half a day to three days at a time and were accompanied by nausea, vomiting, photophobia, bilateral droopiness of the eyelids, and confusion. Tr. 855. Dr. Wong noted numerous medications and treatments which were either ineffective or had side effects. Tr. 855. It was also noted that Botox was effective for about nine weeks, but migraines rapidly escalated thereafter.[3] Tr. 855. Dr. Wong recommended Emgality as an alternative. Tr. 857. As discussed *infra*, the relative effectiveness of Emgality is unclear. The Court finds this is sufficient to constitute a plausible theory of equivalency to Listing 11.02B. The ALJ, therefore,

---

[3] Plaintiff's alleged onset date is February 7, 2019. Dr. Wong's treatment noted indicates that Botox was helpful in reducing migraines through February 7, 2019. Tr. 855.

ORDER - 12

was required to assess Plaintiff's migraines at step three and the failure to do so

constitutes reversible error.

**B.    Vanessa Wright, M.D.**

Plaintiff contends the ALJ erred by failing to properly consider the opinion of

Vanessa Wright, MD.  ECF No. 13 at 15-18.   In April 2020, Dr. Wright completed

a Medical Report form and listed diagnoses of anxiety, GERD, low back pain,

depression, OCD, type II diabetes, bilateral hip pain, migraines, hyperlipidemia, and

PTSD.  Tr. 926.  She opined that Plaintiff needs to lie down two to three hours per

day due to either migraines or back pain, and that work on a regular and continuous

basis would cause her condition to deteriorate.  Tr. 926.  Dr. Wright also indicated

Plaintiff would miss four or more days of work per month because she gets

migraines one to two times per week, and that it takes one to two days of rest for

Plaintiff to recover.  Tr. 927.  The ALJ found Dr. Wright's opinion to be

unpersuasive.  Tr. 26.

For claims filed on or after March 27, 2017, the regulations provide that the

ALJ will no longer "give any specific evidentiary weight…to any medical

opinion(s)…"  *Revisions to Rules Regarding the Evaluation of Medical Evidence*,

2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. §

404.1520c.  Instead, an ALJ must consider and evaluate the persuasiveness of all

medical opinions or prior administrative medical findings from medical sources.  20

C.F.R. § 404.1520c(a) and (b).  Supportability and consistency are the most

important factors in evaluating the persuasiveness of medical opinions and prior

administrative findings, and therefore the ALJ is required to explain how both

factors were considered.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not

required to, explain how other factors were considered.  20 C.F.R. §

404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

With regard to consistency, the more consistent a medical opinion is with the

evidence from other medical sources and nonmedical sources in the claim, the more

persuasive the medical opinion will be.  20 C.F.R. § 404.1520c(c)(1)-(2).  The ALJ

found that Dr. Wright's opinion is inconsistent with her own treatment records from

the same day, which noted that Plaintiff's migraines are "decently managed" with

medication, and with an unremarkable neurological examination in February 2020.

Tr. 26 (citing Tr. 905-06, 910-11).  The ALJ also found Dr. Wright's opinion is

inconsistent with other evidence in the record, such as Plaintiff's July 2019

statement that she found Toradol effective for migraines, and two other records

indicating smooth and steady or normal gait, negative straight leg raise, and normal

internal and external rotation of the hips.  Tr. 26 (citing Tr. 399-400, 867-68, 875-

76).

First, the records cited by the ALJ do not constitute substantial evidence

supporting a finding that Dr. Wright's opinion regarding Plaintiff's migraines is

inconsistent with her own notes and the record.  Dr. Wright's treatment notes from

April 1, 2020, the day she rendered her opinion, state that Plaintiff gets migraines

one to two times per week which take 24 hours to recover from.  Tr. 905.   She uses

Emgality injections monthly "and for acute migraines uses almotriptan or naratriptan

when almotriptan is not available.  She also has ketorolac injections that she gives

herself as needed for the migraines."  Tr. 905.  Dr. Wright also stated that her

migraines were "[d]ecently managed" with Emgality, but the ALJ does not explain

how this undermines or is inconsistent with the limitations noted in the same record,

which are exactly the same limitations contained in Dr. Wright's opinion.

The February 2020 "unremarkable neurologic exam" noted by the ALJ

involved an office visit for diabetes follow up.  Tr. 911.   Physical exam results

included neurologic findings of "[a]wake, alert and oriented x 4, CNII-XII intact."

Tr. 911.  It is not clear how this finding undermines the impact of Plaintiff's

migraines on her ability to work or the limitations assessed by Dr. Wright, and this

record does not support the ALJ's finding.

The only other record cited by the ALJ related to Plaintiff's migraines is a

July 2019 office visit record indicating Plaintiff found Toradol effective for

migraines.  Tr. 876.  However, this note is taken out of context, as the record

indicates Plaintiff had failed multiple preventative medication trials and a trial of

Botox injections.  Tr. 876.  Plaintiff reported Toradol was effective when Triptan

fails to resolve a migraine.  Tr. 876.  Plaintiff requested a prescription for Toradol

because she had been going to the emergency room every time she needed it.  Tr.

876.  This record does not reasonably suggest that Plaintiff's migraines are

"resolved" or reduced to a point inconsistent with the limitations assessed by Dr.
Wright.  The records cited by the ALJ do not individually or cumulatively constitute
substantial evidence that Dr. Wright's opinion is inconsistent with the record.

Second, the ALJ did not address the supportability factor regarding Dr.
Wright's opinion as required by the regulations.  The ALJ is required to explain how
both consistency and supportability were considered in evaluating opinion evidence.
20 C.F.R. § 404.1520c(b)(2).   The ALJ's failure to discuss supportability means the
opinion was not properly considered.  On remand, the ALJ must reevaluate the
evidence and reconsider Dr. Wright's opinion as provided by the regulations.

**C.    Symptom Testimony**

Plaintiff contends the ALJ failed to properly consider her symptom testimony.
ECF No. 14 at 4-11.  An ALJ engages in a two-step analysis to determine whether a
claimant's testimony regarding subjective pain or symptoms is credible.  "First, the
ALJ must determine whether there is objective medical evidence of an underlying
impairment which could reasonably be expected to produce the pain or other
symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).
"The claimant is not required to show that her impairment could reasonably be
expected to cause the severity of the symptom she has alleged; she need only show
that it could reasonably have caused some degree of the symptom." *Vasquez v.
Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017); 20 C.F.R. § 404.1529(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, at *2.

The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms and be consistent with and supported by the evidence, which must be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms. Social Security Ruling 16-3p, 2016 WL 1119029, at *9. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements regarding the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record.

ORDER - 18

The ALJ gave four reasons for discounting Plaintiff's symptom statements: (1) the record does not show serious muscle weakness, muscle spasm, atrophy, weight loss, or other signs of progressive deterioration that reasonably might be expected when an individual experiences intense and continuous pain or leads an inactive lifestyle as alleged by Plaintiff; (2) pain and other symptoms appear to be brought on or be aggravated by strenuous exertional activities, such as prolonged standing or walking, associated with heavy work and not by the less strenuous activities associated with light or sedentary work; (3) Plaintiff's medications appear to be effective and do not produce any adverse side effects; and (4) exam findings are inconsistent with greater limitations. Tr. 23.

Plaintiff argues these are not clear and convincing reasons supported by substantial evidence. ECF No. 13 at 4-14. Defendant does not address reasons (1) or (2) and the Court concludes these reasons are insufficiently explained and are not supported by substantial evidence. Tr. 23. Defendant argues the ALJ's remaining reasons are clear and convincing reasons for finding Plaintiff's subjective reports regarding her headaches are not as severe as alleged. ECF No. 15 at 4-7.

However, the ALJ did not explain either reason or provide any citations to the record. An examiner's findings should be as comprehensive and analytical as feasible so that a reviewing court may know the basis for the decision. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Here, the Court is left to determine which portions of the ALJ's summary of the record apply to these reasons.

ORDER - 19

Because the ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations relies on the ALJ's assessment of the medical evidence, and having determined a remand is necessary to readdress the opinion of Dr. Wright and Listing 11.02 at step three, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims.  Thus, the Court need not further address this issue.  On remand the ALJ must also reevaluate Plaintiff's symptom claims in the context of the entire record and ensure that the findings are sufficiently explained.

**D.    Lay Witness**

Plaintiff contends the ALJ erred in evaluating the statement of Plaintiff's husband, Jason G.  ECF No. 13 at 18.  Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence.  20 C.F.R. §§ 404.1520c(d), 416.920c(d)).  The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See Wilson v. O'Malley*, No. 23-35463, 2024 WL 2103268, at *2 (9th Cir. May 10, 2024).  Relevant regulations indicate that ALJs will consider evidence from nonmedical sources when evaluating a claim of disability.  *See* 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3).  Additionally, an ALJ may not reject "significant probative evidence" without explanation.  *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, the ALJ gave the same reasons for rejecting the lay witness statement as for rejecting Plaintiff's symptom testimony.  Tr. 26.  For the same reasons, the lay witness statement must also be reevaluated on remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  The Court hereby remands the Commissioner's decision.

Accordingly,

1. Plaintiff's Brief, **ECF No. 13**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 15**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** May 21, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 21